UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PERRY DAVIS, on his own behalf
and others similarly situated,

    Plaintiff,

v.                                                        Case No.: 6:05-CV-1743-ORL-28JGG

TAMPA SERVICE COMPANY, INC.
d/b/a PACESETTER PERSONNEL SERVICE,
a Florida Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL[1]

1. Plaintiff, PERRY DAVIS ("Plaintiff"), was an employee of Defendant, TAMPA SERVICE COMPANY, INC. d/b/a PACESETTER PERSONNEL SERVICE, ("PACESETTER" or "Defendant"), a Florida corporation, and brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a dispatcher and performed related activities for Defendant in Orange County, Florida.

2. Defendant, PACESETTER, is a Florida corporation that operates and conducts business in, among others, Orange County, Florida, and is therefore, within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every dispatcher who worked for the Defendant at any time within the past three (3) years.

---

[1] Subsequent to the filing on this Complaint, Defendant's counsel advised that the correct Defendant is Tampa Service Company, Inc. d/b/a Pacesetter Personnel Service, Inc. This Amended Complaint simply corrects the name of the Defendant in this action.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to her, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty within a work week.

7. During their employment with Defendant, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated to him, are in the possession and custody of Defendant.

## **RECOVERY OF OVERTIME COMPENSATION**

9. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

10. Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but were not paid time and one half compensation for same.

11. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each

hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

12. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

DATED this 14th day of December 2005.

**/s RICHARD CELLER**
RICHARD CELLER
FL Bar No.: 0173370
CELLER LEGAL GROUP
284 South University Drive
Fort Lauderdale, Fl. 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: Richard@cellerlegal.com

Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was sent to Kevin Graham, counsel for Defendant, by U.S. Mail this 14th day of December 2005, at 101 East Kennedy Boulevard, Tampa, Florida 33602.

**/s RICHARD CELLER**
RICHARD CELLER